NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAORIO GIWAH, | : | |
| Petitioner, | : | Civil No. 05-2494 (JLL) |
| v. | : | |
| | : | O P I N I O N |
| IMMIGRATION & CUSTOMS ENFORCEMENT, et al., | : | |
| Respondents. | : | |

APPEARANCES:

Taorio A. Giwah, Pro Se
#A91-258-722
Passaic County Jail
11 Sheriff's Plaza
Paterson, NJ 07501

Donna Krappa, Assistant
    United States Attorney
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
Attorney for Respondents

**LINARES**, District Judge

Petitioner Taorio Giwah, an alien confined at the Passaic County Jail while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The respondents are the Bureau of Immigration and Customs Enforcement and the United States Attorney General.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

## BACKGROUND

On May 20, 2003, Petitioner was ordered, *in absentia*, to be removed to Nigeria. He was arrested and detained by Immigration and Customs Enforcement on April 4, 2005. He filed a habeas petition in the Eastern District of New York on April 20, 2005. On April 26, 2005, the District Judge entered an Order staying Petitioner's deportation.

The Eastern District of New York transferred the habeas petition to this Court, due to the fact that Petitioner was detained in New Jersey. On May 9, 2005, this Court received Petitioner's habeas petition pursuant to 28 U.S.C. § 2241. Petitioner asserted claims challenging his final order of removal and his indefinite detention.

On June 7, 2005, this Court issued an Order, pursuant to the REAL ID Act of 2005, severing Petitioner's habeas claims. The Order mandated that Petitioner's claims challenging his final order of removal be transferred to the Court of Appeals for the Second Circuit. This Court retained jurisdiction over Petitioner's claims regarding his indefinite detention.

On July 21, 2005, Petitioner submitted a Supplemental Memorandum in support of his indefinite detention claims. Respondents have filed a letter in response to the claims in the habeas petition challenging Petitioner's indefinite detention.

Petitioner argues that he has a "good chance" to prevail in having his immigration case reopened by the Court of Appeals for the Second Circuit. Therefore, he seeks release from custody.

## DISCUSSION

A. <u>Standard of Review</u>

United States Code Title 28, Section 2241 provides in relevant part as follows:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>
> ***
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

B.  **The Petition Will Be Denied.**

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 125 S. Ct. 716 (2005).

In addition § 1231(a)(1)(C) provides that the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal."

4

Petitioner argues that he should not be subject to incarceration because he secured a stay of removal. However, it has been held that the six-month presumptively reasonable post-order removal period of Zadvydas is tolled when an alien requests judicial review of a removal order. See Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004)(detention "directly associated with a judicial review process that has a definite and evidently impending termination point" is "more akin to detention during the administrative review process, which was upheld [by the Supreme Court]")(citing Demore v. Kim, 538 U.S. 510, 527-29 (2003)); Wang v. Ashcroft, 320 F.3d 130, 145-47 (2d Cir. 2003)("where a court issues a stay pending its review of an administrative removal order," the post-order detention provisions of § 1231 do not apply because "the removal period commences on 'the date of the court's final order'"); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002)(by applying for stay, Petitioner interrupted the running of the time under Zadvydas); Evangelista v. Ashcroft, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002)(Petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003)(unpubl.)(as a result of stay of deportation, Attorney General could not seek to bring about Petitioner's deportation, and therefore, period of

5

detention does not raise due process issue presented in Zadvydas); Archibald v. INS, 2002 WL 1434391 at *8 (E.D. Pa. July 1, 2002) (unpubl.) (because Petitioner asked for and was granted stay of deportation, he is not being held in violation of Zadvydas, but rather held pursuant to stay he requested).

Here, Petitioner sought, and was granted a stay of the removal order, which the United States District Court for the Eastern District of New York entered on April 26, 2005. As the stay is still in effect, the presumptively-reasonable six-month period has not yet begun to run. Moreover, Petitioner has suggested no reason why his removal to Nigeria is not reasonably foreseeable. Accordingly, Petitioner's post-removal-order detention complies with due process requirements.

## CONCLUSION

For the reasons set forth above, the Petition will be denied, without prejudice to Petitioner's bringing a new Petition after the presumptively-reasonable period of detention has passed, should circumstances warrant. An appropriate order follows.

_____
JOSE L. LINARES
United States District Judge

Dated: 9/27/05