NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TAORIO GIWAH,

    Petitioner,     Civil No. 05-2494 (JLL)

  v.

              O P I N I O N

IMMIGRATION & CUSTOMS
ENFORCEMENT, et al.,

    Respondents.

APPEARANCES:

Taorio A. Giwah, Pro Se
#A91-258-722
Passaic County Jail
11 Sheriff's Plaza
Paterson, NJ 07501

Donna Krappa, Assistant
 United States Attorney
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
Attorney for Respondents

**LINARES**, District Judge

  This matter is before the Court on Petitioner's Motion for Reconsideration of the Court's Order of September 27, 2005, in which the Court denied Petitioner's habeas corpus petition. Petitioner filed his original motion for reconsideration on January 24, 2006. On February 21, 2006, he filed a supplemental motion for reconsideration. Petitioner also filed a motion for the appointment of counsel on February 9, 2006. The respondents have not opposed the motions. Having considered the motions pursuant to Fed. R. Civ. P. 78, the Court will deny the motion for reconsideration, as well as the supplemental motion for

reconsideration as untimely. The motion for counsel shall be dismissed as moot.

## BACKGROUND

On May 20, 2003, Petitioner was ordered, *in absentia*, to be removed to Nigeria. He was arrested and detained by Immigration and Customs Enforcement on April 4, 2005. He filed a habeas petition in the Eastern District of New York on April 20, 2005. On April 26, 2005, the District Judge entered an Order staying Petitioner's deportation.

The Eastern District of New York transferred the habeas petition to this Court, due to the fact that Petitioner was detained in New Jersey. On May 9, 2005, this Court received Petitioner's habeas petition pursuant to 28 U.S.C. § 2241. Petitioner asserted claims challenging his final order of removal and his indefinite detention.

On June 7, 2005, this Court issued an Order, pursuant to the REAL ID Act of 2005, severing Petitioner's habeas claims. The Order mandated that Petitioner's claims challenging his final order of removal be transferred to the Court of Appeals for the Second Circuit. This Court retained jurisdiction over Petitioner's claims regarding his indefinite detention.

On July 21, 2005, Petitioner submitted a Supplemental

2

Memorandum in support of his indefinite detention claims. Respondents filed a letter in response to the claims in the habeas petition challenging Petitioner's indefinite detention.

Petitioner argued in his habeas petition that he has a "good chance" to prevail in having his immigration case reopened by the Court of Appeals for the Second Circuit. Therefore, he sought release from custody.

In an Opinion and Order dated September 27, 2005, this Court denied the petition on the merits.

Petitioner has now filed a motion for reconsideration. The motion was filed by the Court on January 24, 2006. It appears to have been signed by the petitioner on January 6, 2006. Petitioner argues that he is eligible to be released on the "humanitarian ground" that he has undergone heart surgery, and shall require extensive treatment. He also states that he has a stay of deportation in place, but that he has been held for nine months at this point. In his supplemental motion for reconsideration, Petitioner reiterates his medical problems and his argument for release. In his motion for the appointment of counsel, Petitioner asks for counsel due to the complexity of his case, and his current health problems.

## DISCUSSION

### A. Timeliness

The Federal Rules of Civil Procedure, Rule 59(e), states, "any motion to alter or amend a judgment shall be filed not later than 10 days after the entry of the judgment." Similarly, Local Civil Rule 7.1(i) directs, "a motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Therefore, a plaintiff may move for reconsideration within ten days of the entry of judgment.

In the instant case, the Court's Order denying Petitioner's requested habeas corpus relief was entered on September 27, 2005. The Court did not receive notice of the instant motion for reconsideration until January 24, 2006. Therefore, Petitioner's motion for reconsideration, and supplemental motion, will be dismissed as untimely.

### B. Merits of Motion

Alternatively, Petitioner's case is also subject to dismissal on its merits. Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See 11 Charles A. Wright,

4

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998). However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process. Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner merely disagrees with this Court's conclusion. He cites no manifest errors of law or fact by this

5

Court. While the Petitioner has informed the Court that he has undergone heart surgery in November of 2005, this fact would not warrant granting the motion for reconsideration, as the Court's Opinion and Order dated September 27, 2005 is sound in its reasoning and conclusion. Therefore, his motion is also subject to dismissal on the merits.

## CONCLUSION

For the reasons set forth above, Petitioner's motion and supplemental motion, filed pursuant to Fed. R. Civ. P. 59(e) and Local Civ. R. 7.1(g), for reconsideration of the Court's Order of September 27, 2005, are hereby denied. Petitioner's motion for counsel is hereby dismissed as moot. An appropriate Order accompanies this Opinion.

JOSE L. LINARES
United States District Judge

DATED: 3/13/ , 2006